**TOGUT, SEGAL & SEGAL LLP**
Albert Togut
Kyle J. Ortiz
Brian F. Moore
One Penn Plaza, Suite 3335
New York, NY 10119
Phone: (212) 594-5000
Email: altogut@teamtogut.com
       kortiz@teamtogut.com
       bmoore@teamtogut.com

*Proposed Counsel to the Debtors and Debtors in
Possession*

**SHEARMAN & STERLING LLP**
Fredric Sosnick
William S. Holste
Jacob S. Mezei
599 Lexington Avenue
New York, NY 10022
Phone: (212) 848-4000
Email: fsosnick@shearman.com
       william.holste@shearman.com
       jacob.mezei@shearman.com

**SHEARMAN & STERLING LLP**
Ian E. Roberts (*pro hac vice* pending)
2601 Olive Street, 17th Floor
Dallas, TX 75201
Phone: (214) 271-5777
Email: ian.roberts@shearman.com

*Proposed Special Counsel to the Debtors and Debtors in
Possession*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>VICE GROUP HOLDING INC.<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE HOLDING INC.<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE MEDIA LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE PRODUCTIONS LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |

| | |
|---|---|
| In re:<br><br>PLDM FILMS LLC<br>　　　Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>INVERNESS COLLECTIVE LLC<br>　　　Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE PROJECT SERVICES LLC<br>　　　Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE CONTENT DEVELOPMENT, LLC<br>　　　Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE DISTRIBUTION LLC<br>　　　Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE MUSIC PUBLISHING LLC<br>　　　Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VIRTUE WORLDWIDE, LLC<br>　　　Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |

| | |
|---|---|
| In re:<br><br>CHANNEL 271 PRODUCTIONS LLC<br><br>　　　Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE PAYROLL LLC<br><br>　　　Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VTV PRODUCTIONS, LLC<br><br>　　　Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE IMPACT INC.<br><br>　　　Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>CARROT CREATIVE LLC<br><br>　　　Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>CARROT OPERATIONS LLC<br><br>　　　Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VILLAIN LLC<br><br>　　　Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |

| | |
|---|---|
| In re:<br><br>JT LEROY HOLDING LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>BOY WHO CRIED AUTHOR LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VALVI LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VISUR LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>DANA MADE LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>PROJECT CHANGE LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE INTERNATIONAL HOLDING, INC.<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |

| | |
|---|---|
| In re:<br><br>REFINERY 29 INC.<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>R29 PRODUCTIONS, LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>R29 PRIDE, LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>CLIFFORD BENSKI, INC.<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE EUROPE HOLDING LIMITED<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE EUROPE PULSE HOLDING LIMITED<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE FOOD LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Vice Group Holding Inc. ("Vice Parent") and its debtor affiliates, as debtors and

debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11

cases (the "Chapter 11 Cases"), respectfully represent in support of this motion

(the "Motion") as follows:

### Relief Requested

1.      The Debtors request entry of an order, substantially in the form attached

hereto as **Exhibit A** (the "Proposed Order"), (i) directing joint administration of these

Chapter 11 Cases for procedural purposes only and (ii) waiving the requirements of

section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*

(the "Bankruptcy Code"), Rule 2002(n) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Rule 9004-2 of the Local Bankruptcy Rules for the

Southern District of New York (the "Local Rules") that the case caption and certain

notices in the Chapter 11 Cases contain certain identifying information with respect to

each Debtor.

2.      The Debtors request that the Court (defined below) maintain one file and

one docket for all the jointly administered cases under the case number assigned to Vice

Parent and that these cases be administered under the consolidated caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (___) |
| Debtors.[1] | Jointly Administered |

---

[1]   The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

3.      In connection therewith, the Debtors further request that an entry be made on the docket of each of the Debtors' cases, other than Vice Parent's, substantially as follows:

> An Order has been entered in this case, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, directing the procedural consolidation and joint administration of the chapter 11 cases of Vice Group Holding Inc. and its direct and indirect debtor subsidiaries.  All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, the docket of Vice Group Holding Inc., Case No. 23-10738 (___), and such docket should be consulted for all matters affecting these chapter 11 cases.

**<u>Jurisdiction and Venue</u>**

4.      The United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.) (the "<u>Amended Standing Order</u>").

5.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for relief are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 9013-1.

6.     This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  The
Debtors confirm their consent to the Court's entry of a final order in connection with
this Motion to the extent that it is later determined that the Court, absent consent of the
parties, cannot enter final orders or judgments in connection herewith consistent with
Article III of the United States Constitution.

### Background

7.     On the date hereof (the "<u>Petition Date</u>"), the Debtors filed voluntary
petitions for relief under chapter 11 of the Bankruptcy Code with this Court.  The
Debtors are operating their businesses and managing their properties as debtors in
possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request
for the appointment of a trustee or examiner has been made in these Chapter 11 Cases,
and no official committees have been appointed or designated.

8.     From their humble beginnings as a niche magazine, the Debtors and their
non-Debtor affiliates (collectively, "<u>*VICE*</u>") have grown into a global media company
that focuses on content centered around news and culture, serving a largely global
youth audience.  Today, *VICE* is a global, multiplatform media company that has a
powerful brand, diversified financial profile, premium content, and rich engagement
with its youth-targeted audience.  With production hubs around the world, *VICE*
creates thousands of pieces of content a week globally, including editorial, digital and
social video, experiential events, commercials, music videos, scripted and unscripted
television, feature documentaries, and movies.  Additional facts relating to the Debtors'
businesses and capital structure, and the commencement of these Chapter 11 Cases, are
set forth in the *Declaration of Frank A. Pometti in Support of the Debtors' Chapter 11*

*Petitions and First Day Relief* (the "<u>First Day Declaration</u>"), which was filed

contemporaneously with this Motion and is incorporated herein by reference.[1]

**Basis for Relief**

9.      Bankruptcy Rule 1015(b) provides that if two or more petitions are

pending in the same court by or against a debtor and its affiliates, the court may order

joint administration of the estates of the debtor and such affiliates.  All of the Debtors in

the Chapter 11 Cases are "affiliates" as that term is defined in section 101(2) of the

Bankruptcy Code and as used in Bankruptcy Rule 1015(b) due to the fact that each of

the 32 Debtors (other than Vice Parent) is a direct or indirect subsidiary of Vice Parent.

Consequently, joint administration of the Debtors' Chapter 11 Cases is appropriate

pursuant to Bankruptcy Rule 1015(b).

10.      Authority to grant the relief requested herein also falls within the Court's

powers contained in section 105(a) of the Bankruptcy Code.  Pursuant to section 105(a)

of the Bankruptcy Code, the Court may issue "any order, process, or judgment that is

necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

Section 105(a) therefore authorizes a bankruptcy court to issue injunctions or take other

necessary steps in aid of its jurisdiction.  *See, e.g.*, *MacArthur Co. v. Johns-Manville Corp.*,

837 F.2d 89, 93 (2d Cir. 1988).  Such orders are appropriate where, as here, they are

essential to the debtor's reorganization efforts and do not burden creditors.  *See In re*

*Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994) (holding that, as courts of equity,

bankruptcy courts are empowered to invoke equitable principles to achieve fairness and

justice in the reorganization process).

---

[1]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed
to such terms in the First Day Declaration.

11.     The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in these Chapter 11 Cases will affect multiple (or all) of the Debtors.  Joint administration of the Debtors' Chapter 11 Cases, therefore, will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.

12.     Joint administration also will save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (i) use a single caption on the numerous documents that will be served and filed herein and (ii) file the papers in one case rather than in multiple cases.  Finally, joint administration will protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before this Court in these Chapter 11 Cases.

13.     The rights of the respective creditors of each of the Debtors will not be affected adversely by joint administration of these Chapter 11 Cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each of the creditors and other parties in interest will retain whatever claims or rights it has against the particular estate in which it allegedly has a claim or right.

14.     The waiver of the requirements under section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) that the case caption and other notices mailed in the Chapter 11 Cases include the Debtors' tax identification numbers and other identifying information about the Debtors likewise is appropriate in these Chapter 11 Cases. Bankruptcy Rule 2002(n) provides that notices under Bankruptcy Rule 2002 include, without limitation, the tax identification number of each Debtor and any other names used by the Debtors in the previous eight years.  Fed. R. Bankr. P. 2002(n).  Local Rule

9004-2 provides that documents submitted for filing contain, without limitation, the

applicable debtor's name, the initials of the Judge to whom the case has been assigned,

and the docket number.  Use of the proposed consolidated simplified caption without

full registration numbers and previous names will ensure a uniformity of pleading

identification.  All pleadings filed and each notice mailed by the Debtors will include a

footnote listing all of the Debtors and the last four digits of each Debtor's federal tax

identification number (or non-U.S. tax identification number, as applicable).  Moreover,

the full tax identification numbers will be listed in the notice of commencement of these

Chapter 11 Cases, and such notice is publicly available to all parties in interest,

including on a website to be maintained by the Debtors' proposed claims and noticing

agent,[2] and will be provided by the Debtors upon request.  A waiver of the

requirements under section 342(c)(1) of the Bankruptcy Code, Bankruptcy Rule 2002(n),

and Local Rule 9004-2 is purely procedural in nature and will not affect the rights of

parties in interest.

     15.     Joint administration is generally non-controversial relief, and courts in this

jurisdiction routinely order joint administration in cases with multiple, related debtors.

*See, e.g.*, *In re Genesis Global Holdco, LLC,* Case No. 23-10063 (SHL) (Bankr. S.D.N.Y. Jan.

26, 2023) [Docket No. 37]; *In re Endo International plc,* Case No. 22-22549 (JLG) (Bankr.

S.D.N.Y. Aug. 17, 2022) [Docket No. 45]; *In re JCK Legacy Company*, Case No. 20-10418

(MEW) (Bankr. S.D.N.Y. Feb. 14, 2020) [Docket No. 59]; *In re Purdue Pharma L.P.*, Case

No. 19-23649 (RDD) (Bankr. S.D.N.Y. Sept. 18, 2019) [Docket No. 59]; *In re Barneys N.Y.,*

*Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. Aug. 7, 2019) [Docket No. 41]; *In re Stearns*

*Holdings, LLC,* No. 19-12226 (SCC) (Bankr. S.D.N.Y. July 10, 2019) [Docket No. 74]; *In re*

---

[2]    The Debtors have filed an application simultaneously herewith seeking to retain Stretto, Inc. as their
claims and noticing agent.

*New Cotai Holdings, LLC*, No. 19-22911 (RDD) (Bankr. S.D.N.Y. May 10, 2019) [Docket
No. 23].

16.     In light of the foregoing, the Debtors submit that joint administration of
these Chapter 11 Cases and waiver of the requirements under section 342(c)(1) of the
Bankruptcy Code, Bankruptcy Rule 2002(n), and Local Rule 9004-1 is in the best interest
of the Debtors, their creditors and other parties in interest.  Accordingly, the Debtors
respectfully request that the Court enter the Proposed Order.

## **Motion Practice**

17.     This Motion includes citations to the applicable rules and statutory
authorities upon which the relief requested herein is predicated and a discussion of
their application to this Motion. Accordingly, the Debtors submit that this Motion
satisfies Local Rule 9013-1(a).

## **Notice**

18.     Notice of this Motion will be provided to:  (i) the Office of the United
States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006,
New York, NY 10014 (Attn:  Andrea B. Schwartz); (ii) the parties identified on the
Debtors' consolidated list of 30 largest unsecured creditors; (iii) Gibson, Dunn &
Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn:  David M. Feldman,
Michael S. Neumeister, and Tommy Scheffer), counsel to the DIP/First Lien Group; (iv)
Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019 (Attn:  Scott
K. Charles and Neil M. Snyder), counsel to TPG Virat Holdings 1, L.P., and Sixth Street
Virat Holdings 3, LLC; (v) Shipman & Goodwin LLP (Attn:  Marie C. Pollio), counsel to
Wilmington Trust, National Association; (vi) the Internal Revenue Service; (vii) the
Office of the United States Attorney for the Southern District of New York; (viii) the
offices of the attorneys general in the states in which the Debtors operate; and (ix) any

party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the
"Notice Parties").  The Debtors respectfully submit that, in light of the nature of the
relief requested, no other or further notice need be given.

### No Previous Request

19.    No previous request for the relief sought herein has been made by the
Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the
Proposed Order granting the relief requested herein and such other and further relief as
the Court deems just and appropriate.

Dated:  May 15, 2023
          New York, New York

VICE GROUP HOLDING INC., *et al.*
*Debtors and Debtors in Possession*
*By Their Proposed Counsel*
TOGUT, SEGAL & SEGAL LLP,
By:

*/s/ Kyle J. Ortiz*
ALBERT TOGUT
KYLE J. ORTIZ
BRIAN F. MOORE
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
altogut@teamtogut.com
kortiz@teamtogut.com
bmoore@teamtogut.com

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC. | Case No. __-_____ (___) |
| Debtor. | |
| In re: | Chapter 11 |
| VICE HOLDING INC. | Case No. __-_____ (___) |
| Debtor. | |
| In re: | Chapter 11 |
| VICE MEDIA LLC | Case No. __-_____ (___) |
| Debtor. | |
| In re: | Chapter 11 |
| VICE PRODUCTIONS LLC | Case No. __-_____ (___) |
| Debtor. | |
| In re: | Chapter 11 |
| PLDM FILMS LLC | Case No. __-_____ (___) |
| Debtor. | |
| In re: | Chapter 11 |
| INVERNESS COLLECTIVE LLC | Case No. __-_____ (___) |
| Debtor. | |

| | |
|---|---|
| In re:<br><br>VICE PROJECT SERVICES LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE CONTENT DEVELOPMENT, LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE DISTRIBUTION LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE MUSIC PUBLISHING LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VIRTUE WORLDWIDE, LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>CHANNEL 271 PRODUCTIONS LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE PAYROLL LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |

| | |
|---|---|
| In re:<br><br>VTV PRODUCTIONS, LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE IMPACT INC.<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>CARROT CREATIVE LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>CARROT OPERATIONS LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VILLAIN LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>JT LEROY HOLDING LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>BOY WHO CRIED AUTHOR LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |

| | |
|---|---|
| In re:<br><br>VALVI LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VISUR LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>DANA MADE LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>PROJECT CHANGE LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>VICE INTERNATIONAL HOLDING, INC.<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>REFINERY 29 INC.<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |
| In re:<br><br>R29 PRODUCTIONS, LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. __-_____ (___) |

| | |
|---|---|
| In re: | Chapter 11 |
| R29 PRIDE, LLC | Case No. __-_____ (___) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| CLIFFORD BENSKI, INC. | Case No. __-_____ (___) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| VICE EUROPE HOLDING LIMITED | Case No. __-_____ (___) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| VICE EUROPE PULSE HOLDING LIMITED | Case No. __-_____ (___) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| VICE FOOD LLC | Case No. __-_____ (___) |
| Debtor. | |

### ORDER DIRECTING
### JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "Motion")[1] of the Debtors for entry of an order

(this "Order"), pursuant to sections 105(a) and 342(c) of title 11 of the United States

Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rules 1015(b) and 2002(n) of

---

[1]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), directing the joint

administration of the Debtors' above-captioned chapter 11 cases (the "<u>Chapter 11</u>

<u>Cases</u>"); and upon the First Day Declaration; and it appearing that this Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended

Standing Order; and it appearing that venue of these Chapter 11 Cases and the Motion

in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and that this Court may

enter a final order consistent with Article III of the United States Constitution; and due

and proper notice of the Motion having been provided to the Notice Parties, and such

notice having been adequate and appropriate under the circumstances, and it appearing

that no other or further notice need be provided; and this Court having reviewed the

Motion and having heard the statements in support of the relief requested therein at a

hearing before this Court; and it appearing that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and this Court having

determined that the relief sought in the Motion is in the best interests of the Debtors,

their estates, their creditors, and other parties in interest; and after due deliberation and

sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 1015(b), the above-

captioned Chapter 11 Cases are consolidated for administrative purposes only and shall

be jointly administered by this Court as Case No. [__-_____] (___).

3.      The consolidated caption of the jointly administered cases shall read as

follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. __-_____ (___) |
| Debtors.[1] | Jointly Administered |

---

[1]   The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice. The location of the Debtors' service address for purposes of these chapter 11 cases is: 49 South 2nd Street, Brooklyn, NY 11249.

4.     A docket entry shall be made in each of the Debtors' Chapter 11 Cases, other than the docket maintained for the Chapter 11 Case of Vice Group Holding Inc., substantially as follows:

> An Order has been entered in this case, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, directing the procedural consolidation and joint administration of the chapter 11 cases of Vice Group Holding Inc. and its direct and indirect debtor subsidiaries. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, the docket of Vice Group Holding Inc., Case No. [__-_____] (___), and such docket should be consulted for all matters affecting these chapter 11 cases.

5.     The requirements under section 342(c)(1) of the Bankruptcy Code, Bankruptcy Rule 2002(n), and Local Rule 9004-1 that the case caption and other notices mailed in the Chapter 11 Cases include the Debtors' tax identification numbers and other identifying information about the Debtors are hereby waived. The Debtors shall include in all pleadings filed and each notice mailed by the Debtors a footnote listing all of the Debtors.

6.     One consolidated docket, one file, and one consolidated service list shall be maintained by Vice Group Holding Inc., or its claims agent, and kept by the Clerk of

the Court with the assistance of the notice and claims agent retained by the Debtors in

these Chapter 11 Cases.

7.      Nothing contained in the Motion or this Order shall be deemed or

construed as directing or otherwise affecting a substantive consolidation of these

Chapter 11 Cases, or creating any other implication regarding the separateness (or lack

of separateness) of the Debtors' estates for any purpose.

8.      This Order shall apply to any future filing of any affiliate of the Debtors;

*provided, however,* that the Debtors shall file notice with the Court identifying the cases

of such affiliates and stating that this Order shall apply to such cases.

9.      The Debtors are authorized and empowered to take all actions necessary

to implement the relief granted in this Order.

10.     This Court retains jurisdiction with respect to all matters arising from or

related to the enforcement of this Order.


Dated:_____           _____
                                        UNITED STATES BANKRUPTCY JUDGE